IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MIGUEL CONTRERAS, JR., BY AND THROUGH HIS MEDICAL POWER OF ATTORNEY, MATTHEW ANDREW GARCES, RN, CEO, AND INDIVIDUALLY, | § § § § § § | |
| *Plaintiff,* | § § § | SA-25-CV-00608-FB |
| vs. | § § | |
| CHRISTUS HEALTH,  CHRISTUS SANTA ROSA HEALTH SYSTEM, CHRISTUS WESTOVER HILLS HOSPITAL, P. HAM, M.D., CHRISTUS WESTOVER HILLS; AND  JOHN DOES 1-3, CHRISTUS WESTOVER HILLS; | § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Proceed *In Forma Pauperis* [#1] and proposed Civil Complaint [#1-1].  This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order and report and recommendation pursuant to 28 U.S.C. § 636(b)(1).  By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs.  Having considered the motion and documentation provided by Plaintiff, the undersigned will grant the motion to proceed IFP but recommend the District Court dismiss this case under 28 U.S.C. § 1915.

1

**I.  Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed and does not have sufficient monthly resources available to pay the filing fee.  The Court will therefore grant his motion to proceed IFP.

**II.  Review Under Section 1915(e)**

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has also reviewed Plaintiff's proposed Complaint under the standards set forth in Section 1915(e).  For the reasons that follow, the undersigned recommends this case be dismissed for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This Court also has an ongoing obligation to evaluate its subject matter jurisdiction.  *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Plaintiff's proposed Complaint names four Defendants—Christus Health, Christus Santa Rosa Health System, Christus Westover Hills Hospital, John Ham, M.D.  Plaintiff also names John Does 1 to 3, who are identified as nurses and agents of Christus Health.  Plaintiff alleges

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

that Defendants failed to adequately assess and stabilize Plaintiff's brother during a psychiatric emergency before discharging him in a state of acute psychosis from emergency care on June 1, 2025. Plaintiff further claims that Dr. Ham willfully disregarded the medical power of attorney held by Plaintiff and refused to allow Plaintiff to make medical decisions in the best interest of his brother.

Plaintiff brings this suit on behalf of his brother as his brother's medical power of attorney and on behalf of himself for his own mental and emotional distress suffered during the emergency medical situation at issue. The only federal cause of action asserted in Plaintiff's proposed Complaint is a violation of the Emergency Medical Treatment and Labor Act ("EMTALA"). The proposed Complaint also asserts a claim under the Texas Advance Directives Act ("TADA") as well as Texas-law claims for medical malpractice, battery, and negligent and intentional infliction of emotional distress. Because Plaintiff lacks standing to plead a claim under EMTALA on behalf of his brother or himself, and this is the only federal claim asserted in this suit, the District Court should dismiss this case under Section 1915(e) for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. This Court only has jurisdiction and authority to entertain cases that either (a) raise a federal question (involve claims arising under the United States Constitution or a federal law) or (b) raise state-law claims falling under the Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. For the Court to have jurisdiction over a state-law claim under the Court's diversity jurisdiction, the matter in controversy must exceed $75,000 and be between citizens of different states. *Id.* at § 1332(a).

Plaintiff, as the person bringing this case in federal court, bears the burden of establishing this Court's subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.

2001). Because Plaintiff is a Texas resident and names Defendants who are also entities and individuals located in Texas, there is not complete diversity of citizenship among the parties. Therefore, for the Court to have subject matter jurisdiction over this case, Plaintiff must plead a non-frivolous claim under EMTALA, his only federal cause of action.

Congress enacted EMTALA "to prevent 'patient dumping,' which is the practice of refusing to treat patients who are unable to pay." *Marshall v. East Carroll Parish Hosp.*, 134 F.3d 319, 322 (5th Cir. 1998). The act requires that participating hospitals give the following care to an individual in a medical emergency: (1) an appropriate medical screening, (2) stabilization of a known emergency medical condition, and (3) restrictions on transfer of an unstabilized individual to another medical facility. *See* 42 U.S.C. § 1395dd(a)-(c); *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 557 (5th Cir. 2000). EMTALA, however, is not a malpractice or negligence statute. *Stiles v. Tenet Hosps. Ltd.*, 494 Fed. App'x 432, 437 (5th Cir. 2012).

Plaintiff appears to be alleging that Defendants violated the screening and stabilization prongs of EMTALA. EMTALA provides that "[a]ny individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located." 42 U.S.C. § 1395dd(d)(2). Some federal courts have interpreted this statute as allowing for individuals other than the patient to sue for an EMTALA violation on behalf of a patient, such as where the plaintiff bringing suit is the legal representative of the estate of someone whose death allegedly resulted from an EMTALA violation. *See, e.g.*, *Moses v. Providence Hosp. & Med. Centers, Inc.*, 561 F.3d 573, 582 (6th Cir. 2009) (holding representative of estate of deceased patient had standing under EMTALA to

4

bring action for failure to stabilize medical condition).  Other courts have distinguished the Sixth Circuit's decision in *Moses* and found that a non-patient lacks standing under EMTALA to sue on behalf of a patient who is still living, especially where no personal injury is alleged limiting the patient's ability to pursue a claim on their own behalf.  *See Palmer v. Shawnee Mission Med. Ctr., Inc.*, No. 16-2750-DDC-GLR, 2017 WL 5629624, at *7 (D. Kan. Nov. 22, 2017) (finding third-party standing under EMTALA limited to situations in which a patient suffered actual personal injury, such as death, as a direct result of hospital's action); *see also Pauly v. Stanford Hosp.*, No. 10-cv-5582-JF(PSG), 2011 WL 1793387, *4 (N.D. Cal. May 11, 2011) ("Extending a private right of action to a third party when the individual patient is still living would result in a significant expansion of liability for hospitals subject to EMTALA's provisions.").

Plaintiff has not alleged that his brother is deceased or that he suffered any other personal injury.  The only injuries referenced in the proposed Complaint are Plaintiff's own emotional injuries resulting from witnessing the alleged mistreatment of his brother and a vague reference to his brother's "worsened condition."  Moreover, Plaintiff has not alleged that he is the legal representative of his brother for purposes of his brother's EMTALA claim, only that he is his brother's medical power of attorney.  The medical power of attorney is attached to Plaintiff's proposed Complaint and does not confer on Plaintiff the right to pursue legal causes of action on behalf of his brother, only the right to make health care decisions on his behalf.  (*See* Ex. C [#1-1], at 37–38.)  On these allegations, Plaintiff lacks third-party standing to pursue an EMTALA claim as a relative on behalf of his living brother.

Plaintiff also lacks standing to pursue an EMTALA claim for his own emotional injuries.  Several district courts have rejected arguments that EMTALA confers standing on family members to assert their own personal claims for emotional damages derived from an alleged

5

EMTALA violation.  *See Palmer*, 2017 WL 5629624, at *6; *Pujol-Alvarez v. Grupo HIMA-San Pablo, Inc.*, 249 F. Supp. 3d 591, 595 (D.P.R. 2017); *Mixon v. Bronson Health Care Grp., Inc.*, No. 1:14-cv-330, 2015 WL 1478020, at *4 (W.D. Mich. Mar. 31, 2015).  The undersigned finds the reasoning of these cases persuasive and that the statutory text of EMTALA does not give rise to a cause of action by relatives of a patient to recover for their own emotional-distress damages.

In sum, the undersigned has reviewed Plaintiff's proposed Complaint and finds that he fails to establish standing to pursue a claim under EMTALA, the only federal cause of action, and that there is no diversity jurisdiction over this case.  Because standing is an issue of jurisdiction, *Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006), the undersigned will recommend that the District Court dismiss this case for lack of subject matter jurisdiction under Section 1915(e).

### III.  Order and Recommendation

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* [#1] is **GRANTED**.

Additionally, having considered Plaintiff's proposed Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned **recommends** that this case be **DISMISSED** for lack of subject matter jurisdiction.

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 20th day of June, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE