UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MIGUEL CONTRERAS, JR., BY AND
THROUGH HIS MEDICAL POWER OF
ATTORNEY, MATTHEW ANDREW
GARCES, RN, CEO, AND
INDIVIDUALLY,**

    *Plaintiff*,

v.                                                                                          Case No. 5:25-CV-0608-JKP

**CHRISTUS HEALTH, CHRISTUS
SANTA ROSA HEALTH SYSTEM,
CHRISTUS WESTOVER HILLS
HOSPITAL, P. HAM, M.D., CHRISTUS
WESTOVER HILLS; AND JOHN DOES
1-3, CHRISTUS WESTOVER HILLS,**

    *Defendants*.

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a Report and Recommendation of United States Magistrate Judge ("R&R") filed June 20, 2025, (ECF No. 5). The Magistrate Judge recommends that the Court dismiss this action for lack of subject matter jurisdiction. The Magistrate Judge provided instructions for service and notified Plaintiff of his right to object. The notice informed Plaintiff that any objection must be specific, written, and filed within fourteen days. It further warned that a failure to object "shall bar the party from a *de novo* determination by the District Court." Plaintiff has filed no objection to the R&R, and the time for doing so has expired. Plaintiff has moved for recusal of the Magistrate Judge, *see* ECF No. 4, but nothing in that filing constitutes an objection to the pending R&R. Four days after issuance of the R&R, the prior presiding District Judge recused, and the case was randomly reassigned to the undersigned.

Any party who seeks review of all or a portion of an R&R must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object, the District Court may review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam)).[1]

Consistent with § 636(b)(1)(C) and Rule 72(b)(2), the Court has reviewed the subject R&R for clear error on the face of the record. The Court finds no such error. As pointed out in the R&R, the proposed Complaint (ECF No. 1-1) only asserts a single federal claim—a violation of the Emergency Medical Treatment and Labor Act ("EMTALA"), but Plaintiff lacks standing to plead such claim on behalf of his brother or himself. Standing is a jurisdictional matter. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

"Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). And, as to Plaintiff's asserted claims based on Texas law, the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367. *See Mega Vape, LLC v. City of San Antonio*, 455 F. Supp. 3d 299, 307 (W.D. Tex. 2020). Section 1367 "is plainly inapplicable because, by its terms, it presupposes that the district court obtained supplemental jurisdiction over the state law claims via original jurisdiction over federal claims arising from the same case or controversy." *Id*. (quoting *Avitts*, 53 F.3d at 693). Because this Court has not obtained original jurisdiction over any federal claim in this

---

[1] While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Wilson*, 864 F.2d at 1221.

case, "there is no federal jurisdiction to supplement through § 1367." *Id*.

Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation (ECF No. 5). As recommended, the Court **DISMISSES** this action for lack of subject matter jurisdiction. It **MOOTS** the motion for recusal (ECF No. 4) and will issue an appropriate final judgment by separate filing.

**IT IS SO ORDERED this 11th day of July 2025.**

*[Signature: Jason Pulliam]*

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**